IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SCOTT DOLEMBA, )
on behalf of plaintiff and a class, )
 )
                Plaintiff, )
 )
    vs. )
 )
AUTOMOBILE CLUB OF )
SOUTHERN CALIFORNIA, )
a California Corporation, )
THE AMERICAN AUTOMOBILE )
ASSOCIATION (INCORPORATED) )
And DOES 1-10, )
 )
                Defendants. )

## COMPLAINT – CLASS ACTION

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Scott Dolemba brings this action against defendants Automobile Club of Southern California, a California Corporation and The American Automobile Association (Incorporated) to secure redress for the placement of robocalls to his cell phone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. 227 ("TCPA"), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012); *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005).

1

3. Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a. Have committed tortious acts in Illinois by causing the transmission of unlawful communications into the state.

   b. Have transacted or done business in Illinois.

4. Venue in this District is proper for the same reason.

## PARTIES

5. Plaintiff Scott Dolemba is an individual who resides in the Northern District of Illinois.

6. Defendant Automobile Club of Southern California is a California corporation. Its registered agent and office is Gail C. Louis, 3333 Fairview Road, A451, Costa Mesa, California, 92626. It's principal place of business is located at 2601 S Figueroa St, A451, Los Angeles, California 90007.

7. Defendant The American Automobile Association, (Incorporated) is a Connecticut corporation. Its registered agent and office is C T Corporation System 208 South LaSalle St, Suite 814, Chicago, Illinois, 60604.

8. The Automobile Club of Southern California is the Southern California affiliate of the American Automobile Association, and the largest single member of the AAA.

9. Defendants Does 1-10 are other persons responsible for the calls complained of.

## FACTS

10. On November 5, 2018, plaintiff Scott Dolemba received a telephone call on his cell phone from 877-995-6478. (Exhibit A)

11. Plaintiff Scott Dolemba answered the call when it came in but no voice came on

the line. This is a typical feature of an automated dialer system, it calls numbers when no one is available to speak to the person called.

12. Plaintiff returned the call. His call was answered by an automated system with a recorded or computer-generated message.

13. After business hours, calls to 877-995-6478 are answered by system with a message stating that the caller had reached Automobile Club of Southern California and offering to satisfy his "insurance and membership needs".

14. During business hours, calls to the 877-995-6478 numbers are answered by an automated system with a message stating that the caller had reached "Triple A" and listing menu options. The caller is invited to press 1 to purchase new insurance or a membership, or press 2 to discuss an existing policy or other services.

15. The calls were made on behalf of both, and the system making them are jointly used by Defendants Automobile Club of Southern California and The American Automobile Associates (Incorporated).

16. Discovery may reveal additional unsolicited, automated telemarketing calls as well.

17. Plaintiff has no prior relationship with defendants and had not authorized the automated phone calls to his cell phone. Plaintiff did not furnish his cell phone number to defendants.

18. On information and belief, the calls were placed using an automated telephone dialing system which had the capacity to produce or store and dial randomly or sequentially, and/or used an artificial or pre-recorded voice message system.

19.   Defendants either negligently or willfully violated the rights of plaintiff and other recipients in placing the calls.

20.   Plaintiff suffered damages as a result of receipt of the calls in the law of lost time, use of the cell phone and battery life and electricity. Furthermore, plaintiff's statutory right of privacy was invaded.

21.   Plaintiff is entitled to statutory damages.

22.   Defendants violated the TCPA even if their actions were only negligent.

23.   Defendants should be enjoined from committing similar violations in the future.

### COUNT I – TCPA

24.   Plaintiff incorporates paragraphs 1-23.

25.   The TCPA provides, at 47 U.S.C. §227(b):

**§ 227. Restrictions on use of telephone equipment**

**. . . (b) Restrictions on use of automated telephone equipment.**

**(1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–**

**(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–**

**(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call; . . .**

26.   The TCPA, 47 U.S.C. §227(b)(3), further provides:

> Private right of action.
>
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

27. Defendants violated the TCPA by using equipment that placed automated calls to plaintiff and other members of the putative class' cell phones.

28. Plaintiff and each class member is entitled to statutory damages.

29. Plaintiff and the putative class members suffered actual damages in the form of monies paid to receive the unsolicited, automated robocalls and their statutory right of privacy was invaded.

30. Defendants violated the TCPA even if their actions were only negligent.

31. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

32. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this

action (28 U.S.C. §1658), (c) received calls on a cellular telephone from or on behalf of Automobile Club of Southern California or The American Automobile Association (Incorporated) (d) placed using an automated dialer or artificial or prerecorded voice.

33. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

34. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendants engaged in a pattern of using automated equipment to place phone calls to cellular telephones;

   b. The manner in which defendants compiled or obtained their list of telephone numbers;

   c. Whether defendants obtained the consent of the called parties;

   d. Whether defendants thereby violated the TCPA.

35. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

36. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

37. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of

separate claims against defendants is small because it is not economically feasible to bring individual actions.

38.  Several courts have certified class actions under the TCPA. Telephone call and text message cases include: *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036 (9th Cir. 2012); *Manno v. Healthcare Revenue Recovery Group, LLC,* 289 F.R.D. 674 (S.D.Fla. 2013); *Mitchem v Illinois Collection Serv.,* 271 F.R.D. 617 (N.D.Ill. 2011); *Balbarin v. North Star Capital Acquisition, LLC,*, 10 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill., Jan. 5, 2011), later opinion, 2011 U.S. Dist. LEXIS 5763 (N.D.Ill., Jan. 21, 2011), later opinion, 2011 U.S. Dist. LEXIS 58761 (N.D. Ill., June 1, 2011); *Lo v. Oxnard European Motors, LLC,* 11CV1009 JLS (MDD), 2012 U.S. Dist. LEXIS 73983 (S.D.Cal., May 29, 2012); *Sadowski v. Med1 Online, LLC,* 07 C 2973, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); *CE Design Ltd. v Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Sys. v Preferred Chiropractic Ctr., Ltd.,* 679 F. Supp. 2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Lab, Inc.,* 10 C 1315, 2010 U.S. Dist. LEXIS 108339, 2010 WL 4074379 (N.D.Ill., Oct. 12, 2010); *Hinman v. M & M Rental Ctr.,* 545 F.Supp. 2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* 08 C 3276, 2010 U.S. Dist. LEXIS 72902 (N.D. Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communs., Inc.,* 08 C 4521, 2010 U.S. Dist. LEXIS 17843 (N.D. Ill. Feb. 25, 2010); *Holtzman v. Turza,* 08 C 2014, 2009 U.S. Dist. LEXIS 95620 (N.D.Ill., Oct. 14, 2009); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La. App. 1st Cir. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So. 2d 510 (La. App. 1st Cir. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok. App. 2006); *ESI Ergonomic Solutions, LLC v. United Artists*

*Theatre Circuit, Inc.*, 203 Ariz. (App.) 94, 50 P.3d 844 (2002); *Core Funding Group, LLC v. Young*, 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v. Taranto Group, Inc.*, 293 Kan. 285; 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns. Inc.*, 306 S.W.3d 577 (Mo. App. 2010); *Travel 100 Group, Inc. v. Empire Cooler Service, Inc.*, 03 CH 14510 (Cook Co. Cir. Ct., Oct. 19, 2004); *Rawson v. C.P. Partners LLC*, 03 CH 14510 (Cook Co. Cir. Ct., Sept. 30, 2005); *Nicholson v. Hooters of Augusta, Inc.*, 245 Ga.App. 363, 537 S.E.2d 468 (2000).

39. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Statutory damages;

    b. An injunction against further violations;

    c. Costs of suit; and

    d. Such other or further relief as the Court deems just and proper.

## COUNT II – ILLINOIS CONSUMER FRAUD ACT

40. Plaintiff incorporates paragraphs 1-23.

41. Defendants engaged in unfair acts and practices, in violation of ICFA § 2, 815 ILCS 505/2, by phoning automated robocalls to plaintiff Scott Dolemba's cell phone.

42. Defendants conduct is contrary to public policy, as set forth in the TCPA.

43. Plaintiff suffered damages as a result of receipt of the calls. Plaintiff's phone was also unusable for the duration of the alleged robocalls. Plaintiff's statutory right of privacy was invaded.

44. Defendants engaged in such conduct in the course of trade and commerce.

45. Defendants should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

46. Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with phone numbers in Illinois area codes (b) who, on or after a date three years prior to the filing of this action, (c) received calls on a cellular telephone from or on behalf of Defendants Automobile Club of Southern California or The American Automobile Association (Incorporated) (d) placed using an automated dialer or artificial or prerecorded voice.

47. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

48. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a. Whether defendants engaged in a pattern of using automated equipment to place phone calls to cellular telephones;

    b. The manner in which defendants compiled or obtained their list of telephone numbers;

    c. Whether defendants obtained the consent of the called parties;

    d. Whether defendants thereby violated the ICFA.

49. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business

9

practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

50. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

51. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

52. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    a. Actual damages;

    b. An injunction against further violations;

    c. Attorney's fee, litigation expenses and costs of suit;

    d. Such other or further relief as the Court deems just and proper.

                                      s/ Daniel A. Edelman
                                      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)